1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

11    CHRISTOPHER BRIGGS,                          CASE NO. 3:25-cv-05095-DGE

                        Plaintiff,               ORDER DENYING MOTION FOR
12          v.                                    LEAVE TO APPEAL IN FORMA
                                                  PAUPERIS (DKT. NO. 7.)
13    PAIN CARE SPECIALISTS OF OREGON
      et al.,
14
                        Defendant.
15

16          Before the Court is Plaintiff's Motion for Leave to Appeal in forma pauperis.  (Dkt. No.

17   7.)  On March 17, 2025, having received no objection, this Court adopted the Report and

18   Recommendation ("R&R") of the Honorable Magistrate Judge David W. Christel, dismissed

19   Plaintiff's complaint without prejudice, and denied Plaintiff's application to proceed in forma

20   pauperis ("IFP"), and entered judgment.  (Dkt. Nos. 5, 6.)  The R&R found that although

21   Plaintiff could not afford the filing fee, the IFP application should be denied under 28 U.S.C.

22   § 1915(e) because it failed to state a claim on which relief could be granted.  (Dkt. No. 3 at 2–4.)

23   Plaintiff attempted to sue a private medical provider under 42 U.S.C. § 1983 but pled no facts

24

showing the Defendants were acting under color of state law. (*Id.*) On March 31, 2025, Plaintiff filed an appeal to the Ninth Circuit Court of Appeals and a Motion for Leave to Appeal in forma pauperis. (Dkt. Nos. 7, 8.)

Under Rule 24 of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). The motion must include an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)–(C). If the party already had prior approval to proceed IFP in the district court, they need not apply again to proceed IFP on appeal. Fed. R. App. P. 24(a)(3).

Plaintiff filed an incomplete Form 4 and otherwise failed to provide the information required by Rule 24(a)(1), which is necessary for the Court to consider Plaintiff's request to proceed in forma pauperis. (*See* Dkt. No. 7.) Plaintiff did not complete various sections of the form, thus he did not "show[] in detail" as prescribed by Form 4 his ability to pay or give security for fees and costs. (*See id.* at 2–4.) In addition, Plaintiff does not provide an affidavit that "claims an entitlement to redress" or "states the issues on appeal." Fed. R. App. P. 24(a)(1)(B)–(C). Instead, Plaintiff provides a basic recitation of the facts in his complaint, that he sought medical care at Defendant's clinic and did not obtain care to his satisfaction, still failing to show any basis to assert a claim under § 1983. (*See* Dkt. No. 7 at 1.) Plaintiff failed to meet the requirements under Rule 24 of the Federal Rules of Appellate Procedure.

Moreover, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith where it seeks review of a non-frivolous issue. *See e.g., Arvidson v. Isbell*, No. 22-

35800, 2023 WL 7013358, at *1 (9th Cir. Apr. 21, 2023); *see also Bennett v. Boy Scouts of Am. Aloha Council # 104*, No. 24-6726, 2024 WL 4694084, at *1 (D. Haw. Nov. 6, 2024) ("An appeal is taken in good faith if it seeks review of any issue that is non-frivolous.") (citing *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).  A claim is frivolous when it is without "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  Some circuit courts of appeal have held that the frivolity standard of § 1915 applies to motions for leave to appeal IFP under Rule 24(a).  *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982); *Crisafi v. Holland*, 655 F.2d 1305, 1305 (D.C. Cir. 1981).  Here, since the Court found that the complaint is frivolous or failed to state a claim under § 1915(e), granting leave to appeal IFP would be unwarranted.

Accordingly, Plaintiff's Motion for Leave to Appeal in forma pauperis is DENIED.  The Court CERTFIES an appeal in this matter is not taken in good faith.

The Clerk's Office is directed to notify the parties and the Clerk of the Ninth Circuit of this Order.  *See* Fed. R. App. P. 24(a)(4).


Dated this 28th day of April, 2025.


David G. Estudillo
United States District Judge